## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| MARK A. CAMPILLO,<br><br>    Plaintiff,<br>v.<br><br>ALAN ANTAKI,<br><br>    Defendant. | Civil Action No.<br><br>2:19-CV-9298-KM-SCM<br><br>**ON PLAINTIFF'S MOTION TO REMAND**<br><br>**[D.E. 4]** |

## REPORT AND RECOMMENDATION

**STEVEN C. MANNION**, United States Magistrate Judge.

  Before the Court is Plaintiff Mark Campillo's ("Mr. Campillo") motion to remand this case to state court.[1] Defendant Alan Antaki ("Mr. Antaki") filed an opposition to the motion,[2] and Mr. Campillo filed a reply.[3] The Honorable Kevin McNulty, U.S.D.J., referred the instant matter to the undersigned for report and recommendation.[4] The Court reviewed the parties' respective submissions and decides this matter without oral argument. For the reasons set forth herein, it is respectfully recommended that Mr. Campillo's motion to remand be **DENIED**.

---

[1] (Electronic Case Filing Docket Entry ("D.E.") 4, Pl.'s Mot. to Remand). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page number assigned by the Electronic Case Filing System.

[2] (D.E. 5, Def.'s Opp'n).

[3] (D.E. 6, Pl.'s Reply).

[4] L. Civ. R. 72.1(a)(2).

I.  **BACKGROUND & PROCEDURAL HISTORY**

In this tort action, Mr. Campillo alleges that he worked as an aircraft mechanic at Sussex Airport (the "Airport") and while at the Airport, Mr. Antaki threatened him with arrest.[5] Mr. Campillo further alleges that Mr. Antaki interfered with a contract that Mr. Campillo had with another individual.[6]

On March 13, 2019, Mr. Campillo filed the instant action against Mr. Antaki and Sussex Airport, Inc. ("Sussex Inc.") in the Superior Court of New Jersey.[7] Shortly thereafter, Mr. Antaki and Sussex Inc. removed this action to federal court on the grounds of diversity jurisdiction.[8]

Mr. Campillo filed the present motion to remand arguing that the forum defendant rule, 28 U.S.C. § 1441(b)(2), applies and state law predominates.[9] On June 21, 2019, the Court ordered Mr. Campillo to "clarify[] the name of the entity defendant(s)."[10] On July 2, 2019, Mr. Campillo advised that "the only defendant in this case is Alan Antaki,"[11] and shortly thereafter, filed a stipulation of dismissal as to Sussex, Inc.[12]

---

[5] (D.E. 1-2, Compl., at ¶¶ 1–5).

[6] (*Id.*, at ¶¶ 6–7).

[7] (D.E. 1-2, Compl.).

[8] (D.E. 1, Notice of Removal, at ¶ 3).

[9] (D.E. 4-1, Pl.'s Mot. to Remand Br., at 3–4).

[10] (D.E. 11, Order, at ¶ 2).

[11] (D.E. 12, Letter).

[12] (D.E. 14, Stip. of Dismissal).

Mr. Antaki opposes the motion to remand by asserting that because Mr. Campillo failed to properly join and serve him, the forum defendant rule is inapplicable, and the predominance test does not apply when removal is based on diversity jurisdiction, like here.[13]

## II.   LEGAL STANDARD

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[14] However, a case removed from state court shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[15] "The removing party . . . carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court."[16] Removal statutes should be "strictly construed against removal and all doubts should be resolved in favor of remand."[17]

When federal jurisdiction is established only on the diversity of the parties, the forum defendant rule applies.[18] The forum defendant rule states that "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest

---

[13] (D.E. 5, Def.'s Opp'n, at 5–7).

[14] 28 U.S.C. § 1441(a).

[15] 28 U.S.C. § 1447(c).

[16] *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009).

[17] *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

[18] *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018).

*properly joined and served* as defendants is a citizen of the State in which such action is brought."[19] The rule "is procedural rather than jurisdictional, except where 'the case could not initially have been filed in federal court.'"[20]

### III.    DISCUSSION AND ANALYSIS

Mr. Campillo asserts the forum defendant rule and the predominance of state law in this case as bases for remand. Mr. Antaki, a New Jersey citizen, removed this action to this District Court, an action Mr. Campillo asserts is contrary to the forum defendant rule. Mr. Antaki argues, however, that the forum defendant rule is inapplicable because Mr. Campillo failed to properly serve him.

The forum defendant rule, codified in 28 U.S.C. § 1441(b)(2), includes the clause "properly joined and served," which Mr. Antaki relies on for his position. In *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, the Third Circuit resolved a district court split concerning whether a defendant may remove a case before a forum defendant has been served.[21] *Encompass* held that the plain meaning of the forum defendant rule "precludes removal on the basis of in-state citizenship *only* when the defendant has been properly joined and served."[22] The court construed the words "joined and served" to permit removal prior to service, as such removal is proper because: "(1) it abides by the plain meaning of the text; (2) it envisions a broader right of removal only in the narrow circumstances where a defendant is aware of an action prior to service of process with sufficient

---

[19] 28 U.S.C. § 1441(b)(2) (emphasis added).

[20] *Encompass Ins. Co.*, 902 F.3d at 152 (quoting *Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995)).

[21] *Id.* at 147.

[22] *Id.* at 152 (emphasis added).

4

time to initiate removal; and (3) it protects the statute's goal without rendering any of the language unnecessary."[23] Thus, the Third Circuit does not preclude removal to federal court if the forum defendant has not been properly served. The Court must therefore determine whether Mr. Campillo properly served Mr. Antaki.

Federal Rule of Civil Procedure 4 provides that service is proper if effected in accordance with state law, in this case, New Jersey.[24] New Jersey Court Rule 4:4-4 provides the same methods of service as Federal Rule 4.[25]

Service upon Mr. Antaki—an individual—is governed by New Jersey Court Rule 4:4-4(a)(1). This rule requires service to be effectuated

> by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf.[26]

Mr. Campillo contends that he satisfied this rule by effecting service upon an employee at the Airport.[27] Mr. Antaki argues that Mr. Campillo failed to properly effect service because the summons and complaint were left with an off-duty employee at the Airport. Under New Jersey

---

[23] *Id.* at 153.

[24] Fed. R. Civ. P. 4; *Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160, 168–69 (3d Cir. 1976); *Wright v. Xerox Corp.*, 882 F. Supp. 399, 410 (D.N.J. 1995).

[25] N.J. Ct. R. 4:4-4.

[26] N.J. Ct. R. 4:4-4(a)(1).

[27] (D.E. 6, Pl.'s Reply, at 2).

5

law, like under federal law, Mr. Campillo has the burden of showing that an alleged agent has specific authority, express or implied, for the receipt of process.[28]

The Court agrees with Mr. Antaki that Mr. Campillo did not properly effect service. Mr. Campillo did not have Mr. Antaki served personally, did not have a copy of the summons and complaint left at Mr. Antaki's dwelling or usual place of abode, and did not serve a person authorized by appointment or by law to receive service of process on Mr. Antaki's behalf. Instead, Mr. Antaki received the complaint from an employee at the Airport who received service.[29] This is not the equivalent of proper service. Mr. Campillo did not properly serve Mr. Antaki.

Mr. Campillo's argument that Mr. Antaki's application for a Clerk's extension of time to answer the complaint admits properly effected service is flawed. He fails to provide any case law to demonstrate otherwise. In his application, Mr. Antaki asserted that "the Summons and Complaint were received by" him.[30] Mr. Antaki did not assert proper service. The waiver of an objection to proper service may only occur if a defendant fails to raise it in the first defensive pleading or by omitting it from the first Federal Rule 12 motion.[31] Mr. Antaki's application for an order for an extension of time does not admit proper service. Mr. Campillo's failure to properly serve Mr. Antaki deems the forum defendant rule inapplicable. Mr. Antaki properly removed this matter to federal court.

---

[28] *See Zoning Bd. of Adjustment of Sparta Twp. v. Serv. Elec. Cable Television of New Jersey, Inc.*, 198 N.J. Super. 370, 377 (App. Div. 1985).

[29] (D.E. 5, Def.'s Opp'n, at 7).

[30] (D.E. 4, Appl. for Clerk's Order, at ¶ 3).

[31] Fed. R. Civ. P. 12(h).

Mr. Campillo also argues that this case should be remanded because state law predominates. His argument is misplaced. This Court has original jurisdiction over this matter by way of diversity jurisdiction, not federal question. A district court has diversity jurisdiction over state-law claims if the amount in controversy exceeds $75,000 and there is complete diversity among the parties.[32] Mr. Antaki is a citizen of New Jersey and Mr. Campillo is a citizen of Alaska,[33] and the Complaint alleges the amount in controversy to be $100,000.[34] Thus, the requirements for diversity jurisdiction are met and this Court cannot remand the matter due to the predominance of state law, as diversity jurisdiction enables courts to hear cases involving only state law. As such, Section 1441(c), which instructs district courts to remove "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,"[35] is inapplicable and the predominance of state law is immaterial.

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Mr. Campillo's motion to remand be **DENIED**. The parties have fourteen (14) days to file and serve any objections to this

---

[32] *See* 28 U.S.C. § 1332(a); *Craven v. Leach*, 647 Fed. Appx. 72, 75 (3d Cir. 2016).

[33] (D.E. 1, Def.'s Notice of Removal, at ¶¶ 4–6).

[34] (D.E. 1-2, Compl., at ¶ 6).

[35] 28 U.S.C. § 1441(c)(1)(B).

Report and Recommendation.[36] The District Court need not consider frivolous, conclusive, or general objections.[37]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

7/15/2019 6:57:03 PM

Original: Clerk of the Court
Hon. Kevin McNulty, U.S.D.J.
 cc: All parties
     File

---

[36] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

[37] *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (internal citations omitted).