# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARK A. CAMPILLO,** | Civ. No. 19-9298 (KM/SCM) |
| Plaintiff, | |
| v. | **ORDER** |
| **ALAN ANTAKI,** | |
| Defendant. | |

**MCNULTY**, District Judge

**THIS MATTER** having come before the court on the plaintiff's motion (DE 4) to remand this removed case; and

**IT APPEARING** that the Hon. Steven C. Mannion, U.S. Magistrate Judge, to whom the motion was referred, carefully analyzed the case and filed a Report and Recommendation ("R&R") that the motion be denied (DE 16); and

**IT APPEARING** that no objection to the R&R has been filed, *see* Fed. R. Civ. P. 72(b); L. Civ. R. 72.1c(2); and

**THE COURT** having reviewed the R&R *de novo* despite the lack of an objection; and

**IT APPEARING**, as noted in the R&R, that the U.S. Court of Appeals for the Third Circuit has approved so-called "snap removal" as a means of defeating the forum-defendant limitation on removal of diversity cases;[1] and

**IT APPEARING** that, as Judge Mannion found, effective service under state law was not accomplished before the notice of removal was filed, so the "snap removal" exception to the forum-defendant limitation applied;[2]

---

[1] *See* 28 U.S.C. § 1441(b)(2); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018).

And the Court finding itself in substantial agreement with, and therefore adopting, Judge Mannion's well-reasoned R&R;

**IT IS** this 19th day of August, 2019,

**ORDERED** that the Report and Recommendation (DE 16) is **ADOPTED and AFFIRMED** pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b)(3);[3] and is further

**ORDERED** that the motion to remand (DE 2) is **DENIED**, without costs or fees.

                                                                  **KEVIN MCNULTY, U.S.D.J**

---

[2] See 28 U.S.C. § 1441(b)(2) (exception applies "if any of the parties *properly joined and served* as defendants is a citizen" of the forum state) (emphasis added). Although "snap removal," as a policy matter, makes little sense to this Court, like the Third Circuit I am bound by the literal wording of the statute. The remedy, if any, lies with the legislature.

[3] "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also *U.S. v. Raddatz*, 447 U.S. 667, 680 (1980) (stating that the district court judge has broad discretion in accepting or rejecting the magistrate's recommendation).