NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK A. CAMPILLO,<br><br>                                Plaintiff,<br><br>   v.<br><br>ALAN ANTAKI, et al.,<br><br>                                Defendants. | Civil Action No.: 19-cv-9298<br><br>OPINION & ORDER |

**CECCHI, District Judge.**

This matter comes before the Court on Magistrate Judge James B. Clark's Report and Recommendation ("R&R") recommending dismissal of this action. ECF No. 117. Plaintiff objected to the R&R. ECF No. 118. For the reasons set forth below, the Court adopts Judge Clark's R&R and Plaintiff's Second Amended Complaint (ECF No. 60, "SAC") is hereby dismissed with prejudice.

**I.     BACKGROUND**[1]

Plaintiff alleges that he was working as an aircraft mechanic at Sussex Airport, where defendant Alan Antaki "demanded that Plaintiff turn over to him the records for the work performed at hangars belonging to When Pigs Fly, which are adjoining Sussex Airport." ECF No. 60 ¶¶ 1–3. Plaintiff contends that when he refused to turn over the records, Antaki "threatened him with arrest." *Id.* ¶ 4. Antaki allegedly "sign[ed] complaints against Plaintiff which were resolved in the Wantage Township Municipal Court and the same were dismissed."

---

[1] The underlying facts and procedural history are also detailed extensively in Judge Clark's R&R. ECF No. 117.

*Id.* ¶ 5.  Further, Plaintiff alleges that he "had agreed to do work for Rob Schultz" for $100,000. *Id.* ¶ 15.  Antaki allegedly "interfered with that contract, convinced Schultz not to have the Plaintiff do the work and the Plaintiff was deprived of the income from the Schultz work."  *Id.* ¶ 16.

Defendants Antaki and Sussex Airport removed this case on April 5, 2019, pursuant to 28 U.S.C. § 1441.  *See* ECF No. 1.  Plaintiff filed a notice of voluntary dismissal as to defendant Sussex Airport, which was dismissed from this action.  ECF Nos. 14–15.

On September 30, 2019, Antaki's counsel filed a letter advising the Court that Plaintiff failed to produce discovery responses.  ECF No. 23.  Plaintiff did not file any opposition to this request, and the Court entered an Order compelling Plaintiff to respond to Antaki's written discovery requests by November 4, 2019.  ECF No. 26.  Plaintiff's counsel also failed to appear for a telephone conference on October 25, 2019, and the Court entered an Order requiring an explanation as to his failure to participate.  ECF No. 27.  His explanation was that his schedule "became very complicated" and he will "do better in the future."  ECF No. 28.  Plaintiff produced the requested discovery, but Antaki claimed the discovery was "deficient in a number of respects," including that the documents were "grainy and in some instances cut off, incomplete and generally difficult to decipher."  ECF No. 29.

On December 9, 2019, Plaintiff requested that his deposition be taken by remote video because he was a resident of Alaska.  ECF No. 31.  In response, the Court ordered that Plaintiff must make himself available in this forum or file an affidavit explaining the unreasonable hardship of being deposed here.  ECF No. 35.  Plaintiff did not file anything in response.  Instead, Plaintiff's counsel filed a letter which explained he was hopeful he would have an affidavit from Plaintiff soon.  ECF No. 36.

Next, the Court held a telephone conference with the parties on January 3, 2020. Afterwards, the Court scheduled an in-person settlement conference for March 31, 2020. ECF No. 37. The Court also ordered that Plaintiff be produced for a deposition in New Jersey no later than January 31, 2020, and granted Antaki's informal motion to compel Plaintiff to provide proper written discovery requests. ECF No. 38. Plaintiff's counsel filed a letter advising the Court that Plaintiff's deposition had been noticed for January 28, 2023, and requested it be moved to the beginning of February. ECF No. 39. The Court granted the request for a one-week extension. ECF No. 40.

On March 5, 2020, Plaintiff's counsel filed a letter requesting that Plaintiff be allowed to appear via telephone for the settlement conference, again blaming his residency in Alaska. ECF No. 43. Antaki objected to the request (ECF No. 44), but, nonetheless, the Court granted Plaintiff's request. ECF No. 45. Regardless, the settlement conference was held remotely given the closure of the courthouse because of the COVID-19 pandemic. ECF No. 46.

Although Plaintiff filed his SAC, he never requested the issuance of a summons for defendant Robert Schultz and no proof of service was ever issued. Following a telephone conference with the parties, the Court entered an Order requiring Plaintiff to file any motion for substituted service no later than February 26, 2021. ECF No. 63. Plaintiff filed a motion for leave to serve Schultz by publication (ECF No. 64), which was denied because of Plaintiff's demonstrated "lack of diligence." ECF No. 68. Plaintiff made no further efforts to serve Schultz; indeed, he remains unserved and has not appeared in this matter.

On May 13, 2021, the Court scheduled a settlement conference with the parties for July 7, 2021. ECF No. 70. Even with this advance notice, Plaintiff's counsel filed a letter *the evening prior to the conference* stating that "from the Plaintiff's viewpoint," his participation was

"an impossibility" because he lives in the "wilds of Alaska." ECF No. 71. Plaintiff's counsel noted he was having "difficulty contacting" Plaintiff. *Id.* The conference proceeded without Plaintiff. *See* ECF Nos. 73, 96. On May 27, 2022, the parties attended arbitration. ECF No. 78. After the case returned from arbitration, the Court scheduled another settlement conference for October 17, 2022. ECF No. 81. Following Plaintiff's failure to appear at that conference as well, the Court scheduled an in-person settlement conference for December 19, 2022 and explicitly advised Plaintiff: "Should Plaintiff fail to appear for the conference, the Court will issue an Order to Show Cause requiring Plaintiff to demonstrate why his Complaint should not be recommended for dismissal based upon his failure to prosecute his claims." ECF Nos. 82, 96.

In response, Plaintiff's counsel filed a letter requesting cancellation of the settlement conference, explaining that it would be a "waste of time" because it was "Defendant's consistent position that this is a no-pay case." ECF No. 83. The Court denied Plaintiff's request to cancel the conference, again reiterating that Plaintiff must appear. ECF No. 85. Plaintiff's counsel filed numerous letters requesting cancellation of the settlement conference and/or that Plaintiff be allowed to appear virtually (ECF Nos. 86, 88–90, 92), and the Court continued to reiterate the conference remained scheduled, and Plaintiff's in-person presence was required (ECF Nos. 87, 91). Disregarding the Court's clear direction that the settlement conference was proceeding as scheduled, Plaintiff's counsel continued filing letters the day of the conference. ECF Nos. 93, 95.[2]

The settlement conference was held on December 19, 2022, and Plaintiff did not appear. *See* ECF No. 96. As the Court had previously warned, it issued an Order to Show Cause, requiring a "written statement outlining why this case should not be dismissed," and scheduled an in-person

---

[2] Antaki also objected to Plaintiff's attempts to avoid the in-person settlement conference. ECF Nos. 84, 94.

hearing on March 13, 2023. *Id.* Plaintiff's written statement claimed that he had moved to California, could not afford to come to New Jersey, and that this is a "no pay case from the defendant's perspective." ECF No. 97 at 3. Plaintiff reiterated his request that the matter "be set for trial" and that "the past be forgotten." *Id.* at 4. Plaintiff's counsel also filed another series of letters, requesting that his client appear virtually and that the Order to Show Cause be removed. ECF Nos. 98, 100. The Court denied these requests. ECF Nos. 99, 101. Antaki filed a response outlining his arguments in support of dismissal. ECF No. 102. Plaintiff responded with another request for his client to appear virtually. ECF No. 103. The Court reiterated that the hearing shall proceed in person. ECF No. 104.

On March 9, 2023, Plaintiff's counsel requested a two-week adjournment of the hearing to allow Plaintiff to "work out the details" of his trip. ECF No. 105. That same day, Plaintiff filed another letter requesting a three-week adjournment. ECF No. 106. The Court granted Plaintiff's request and adjourned the hearing to April 25, 2023—giving Plaintiff approximately six weeks to make his travel arrangements. ECF No. 107.

A few days before the Order to Show Cause hearing, Plaintiff's counsel filed a letter explaining a purported "solution to the problems that have presented themselves." ECF No. 108. He explained: "Why doesn't the Court remand the matter to the State Court . . . ." *Id.* The Court held that in the absence of consent or an argument as to why the Court lacks jurisdiction, Plaintiff's "informal request to remand" was denied. ECF No. 109. On the morning of the hearing, Plaintiff's counsel filed a letter saying he "lost contact with [his] client" and requested an adjournment so that he can "investigate this loss of contact." ECF No. 110. The Court denied

the request for an adjournment. ECF No. 111. The Order to Show Cause hearing proceeded without Plaintiff.[3]

## II.     STANDARD OF REVIEW

Review of the R&R, as well as objections to it, are governed by Local Civil Rule 72.1, which provides that the Court "shall make a de novo determination of those portions [of the report and recommendation] to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see also* Fed. R. Civ. P. 72(b)(3). The Court has reviewed the record in this matter and determines de novo that this matter should be dismissed.

## III.    DISCUSSION

As described by Magistrate Judge Clark, the Court must apply a balancing test of the *Poulis* factors to determine whether dismissal is an appropriate sanction. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The Court weighs: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the party's actions or inactions; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *Id.* If a court finds dismissal appropriate under the *Poulis* factors, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner*, 216 F. App'x 252, 254–55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

Plaintiff's objection to Judge Clark's R&R admits that "Plaintiff's attorney, who does not practice in the Federal Court, failed to respond properly to certain happenings . . . ." ECF No. 118

---

[3] This matter was reassigned from the Honorable Kevin McNulty to the undersigned on November 29, 2023. ECF No. 115.

at 1. The objection highlights that Judge Clark found the case has merit under the sixth *Poulis* factor. *Id.* at 2. Further, the objection argues that it was "unreasonable" to request that Plaintiff travel to New Jersey from California "when this nation was recovering from Covid" and because it was a "no-pay case." *Id.* at 3. Ultimately, Plaintiff requests that the case "be set for trial." *Id.* at 4. Given Plaintiff's broad objection to the R&R, this Court will conduct a review of all the *Poulis* factors.

### A. Plaintiff's Responsibility

It appears that Plaintiff is responsible for his failure to comply with numerous court orders. While Plaintiff's counsel took responsibility for Plaintiff's failure to appear at one settlement conference (ECF No. 86), Plaintiff has *repeatedly* failed to comply with orders requiring him to travel and attend conferences in-person in New Jersey—the forum in which he chose to file suit. The explanation for Plaintiff's inability to appear in-person was his residency. *See* ECF Nos. 31, 71, 83. Plaintiff's counsel also expressed difficulty in contacting his client multiple times. ECF Nos. 71, 110. These circumstances establish that Plaintiff is responsible for the lack of diligent prosecution in this matter.

Specifically, as described by Judge Clark, Plaintiff refused to travel to New Jersey for his deposition (ECF No. 31); requested to be excused from the March 31, 2020 settlement conference (ECF No. 43); failed to appear for the July 7, 2021 video settlement conference (*see* ECF Nos. 71, 96); failed to appear for the October 17, 2022 video settlement conference (*see* ECF Nos. 82, 96); failed to appear for the December 19, 2022 in-person settlement conference (ECF No. 96); and failed to appear for the April 25, 2023 Order to Show Cause hearing (*see* ECF Nos. 110–11)—despite the request for adjournment being granted specifically to allow Plaintiff time to arrange his travel (ECF No. 107). Plaintiff's inability to abide by the court orders, which

7

articulated specifically that Plaintiff's presence was required, result in this factor weighing in favor of dismissal. *See, e.g.*, *C-Pod Inmates of Middlesex Cnty. Adult Corr. Ctr. v. Middlesex Cnty.*, No. CV 15-7920, 2018 WL 4006809, at *5 (D.N.J. July 31, 2018) (recommending dismissal where Plaintiff "elected to ignore the Court's Orders and not participate"), *report and recommendation adopted*, No. 15-CV-7920, 2018 WL 4005749 (D.N.J. Aug. 22, 2018).

### B.     Prejudice to Defendants

Defendant Antaki[4] has been prejudiced by Plaintiff's continued refusal to participate meaningfully in the litigation. Antaki and his counsel have abided by the Court's orders and appeared for numerous conferences where Plaintiff failed to do so, causing inconvenience and expense. This prejudice "weighs heavily in favor of dismissal." *Chiarulli v. Taylor*, No. CIV 08-4400, 2010 WL 1371944, at *3 (D.N.J. Mar. 31, 2010) (evaluation of the second *Poulis* factor includes consideration of "whether the party's conduct has resulted in extra costs [or] repeated delays" (internal quotation marks and citation omitted)), *report and recommendation adopted*, No. CIV08-4400, 2010 WL 1566316 (D.N.J. Apr. 16, 2010).

### C.     History of Dilatoriness

As described above, Plaintiff has demonstrated a history of dilatoriness. "Extensive or repeated delay or delinquency" or "consistent tardiness in complying with court orders" suffices to demonstrate a history of dilatoriness. *Chiarulli*, 2010 WL 1371944, at *3 (quoting *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994)). Plaintiff has failed to comply properly with written discovery, initially refused to appear in-person for his deposition, and did not appear for numerous conferences. Under these circumstances, the third factor also favors dismissal. *See, e.g.*, *Bell v. LVNV Funding LLC*, No. CV 21-14152,

---

[4] As stated above, Sussex Airport was dismissed from the case (ECF Nos. 14–15). Schultz was never served and has never appeared. Therefore, Antaki is the only active defendant in this matter.

8

2022 WL 19558027, at *3 (D.N.J. Dec. 8, 2022) (holding plaintiff's actions, including not appearing for a court hearing and delaying discovery, constituted a history of dilatoriness), *report and recommendation adopted*, No. CV2114152, 2023 WL 2987781 (D.N.J. Jan. 10, 2023).

### D. Willfulness or Bad Faith

Plaintiff's conduct has been willful, as demonstrated by Plaintiff's repeated refusal to comply with the Court's direction. "[A] consistent failure to obey orders of the court, at the very least, renders [a party's] actions willful for the purposes of the fourth *Poulis* factor." *Hunt-Ruble v. Lord, Worrell & Richter, Inc.*, No. 10-4520, 2012 WL 2340418, at *5 (D.N.J. June 19, 2012) (internal quotation marks and citations omitted). The Court provided multiple opportunities for Plaintiff to appear virtually before requesting in-person appearances and granted numerous extensions and adjournments in an attempt to accommodate Plaintiff. *See, e.g.*, ECF Nos. 40, 45, 107. Regardless, Plaintiff repeatedly did not appear or abide by the Court's orders. This Court agrees with Judge Clark's conclusions and finds that Plaintiff's actions constituted a willful failure to participate in the litigation, and therefore, this factor supports dismissal. *See, e.g.*, *Hayes v. Nestor*, No. 09-6092, 2013 WL 5176703, at *5 (D.N.J. Sept. 12, 2013).

### E. Effectiveness of Alternative Sanctions

With respect to the fifth *Poulis* factor, Judge Clark explained that "no lesser sanction would be effective." ECF No. 117 at 13. This Court agrees. Plaintiff failed to appear for two virtual settlement conferences, which led to the scheduling of the December 2022 in-person settlement conference. *See* ECF Nos. 71, 82, 96. Plaintiff was advised that his failure to appear in person would result in the issuance of an Order to Show Cause. *See* ECF No. 82. Despite these warnings, as Judge Clark described, Plaintiff did not appear for the settlement conference. After issuing the Order to Show Cause, which explained to Plaintiff that his case would be recommended

for dismissal if he did not appear, and despite the Court adjourning the Order to Show Cause hearing to allow Plaintiff to make travel arrangements, Plaintiff once again did not appear. ECF Nos. 96, 107. Therefore, the Court finds that this factor weighs in favor of dismissal. *See, e.g.*, *Williams v. Sullivan*, No. 08-1210, 2011 WL 2119095, at *8 (D.N.J. May 20, 2011) ("[A]lternative sanctions would not prompt Plaintiff to comply with his discovery obligations given his refusal to comply thus far even after being placed on notice that sanctions may be imposed."), *report and recommendation adopted*, 2011 WL 2112301 (D.N.J. May 25, 2011), *aff'd*, 506 F. App'x 156 (3d Cir. 2012).

### F.     Meritoriousness of the Claims

Judge Clark found it "likely that there may be some merit to Plaintiff's claims." ECF No. 117 at 13. Plaintiff's objection focuses on this finding. *See* ECF No. 118 at 2–3. However, each *Poulis* factor is not dispositive. *See, e.g.*, *Bell*, 2022 WL 19558027, at *2. Even with a finding that Plaintiff's claim may likely be meritorious, this factor fails to overcome the other factors weighing in favor of dismissal. *Lopez v. Brown*, No. 04-6267, 2007 WL 1959251, at *2 (D.N.J. July 3, 2007) (dismissing case where five of six *Poulis* factors weighed in favor of dismissal); *Williams*, 2011 WL 2119095, at *8 (same); *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221–22 (3d Cir. 2003) ("Each factor need not be satisfied for the trial court to dismiss a claim.").

## IV.     CONCLUSION

Therefore, for the reasons discussed above and in Judge Clark's R&R, the SAC is hereby dismissed with prejudice.

Accordingly, **IT IS** on this 31st day of July, 2025,

**ORDERED** that this Court adopts Judge Clark's January 22, 2024 Report and Recommendation (ECF No. 117); and it is further

**ORDERED** Plaintiff's Second Amended Complaint (ECF No. 60) is hereby dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall mark this matter **CLOSED.**

**SO ORDERED.**

                                                   */s/ Claire C. Cecchi*
                                                **HON. CLAIRE C. CECCHI**
                                                **United States District Judge**